UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
DAISY HIGH,                        )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    Civil Action No. 03-2446 (RWR)
                                   )
DISTRICT OF COLUMBIA WATER         )
AND SEWER AUTHORITY,               )
                                   )
     Defendant.                    )
```

### REVISED
### MEMORANDUM OPINION AND ORDER

Defendant has filed a Partial Motion to Dismiss Plaintiff's Second Amended Complaint. Having considered the motion, plaintiff's opposition, and defendant's reply, the Court will dismiss Count III of the Second Amended Complaint.

BACKGROUND

Plaintiff, a former utility systems operator for the District of Columbia Water and Sewer Authority ("WASA"), allegedly sustained an on-the-job injury on December 31, 2001, and was placed on worker's compensation injury leave. Sec. Amd. Compl. at 5, 8.[1] The report of an Independent Medical Examiner indicated that plaintiff could return to full employment. *Id.* at 8. Plaintiff's attending physician, however, reached a different conclusion. Her physician recommended that plaintiff

---

[1] In this Memorandum Opinion, the Court refers to the Second Amended Complaint by page numbers rather than paragraph numbers because of an error in numbering the paragraphs.

1

lift, pull, or push no more than five pounds. *Id.* Plaintiff's duties required lifting as much as 50 pounds. *Id.*; *see* Pl.'s Opp., Ex. A (April 7, 2002 letter to plaintiff from Hiram Tanner, Jr., Manager, Pumping Branch, WASA). Defendant "terminated [plaintiff's] medical services . . . [and allegedly] refused to provide [plaintiff] with light duty work" in spite of her attending physician's recommendations.[2] Sec. Amd. Compl. at 8. Ultimately, defendant terminated plaintiff's employment effective August 22, 2002. *Id.* at 7.

Plaintiff brings this action in part under 42 U.S.C. § 1983, alleging that defendant acted "under color of the Workers Compensation Act of the District of Columbia and the regulations of the D.C. Water and Sewer Authority, which deprived [plaintiff] of her right to be free from deprivation of her rights to medical services, employment, and retaliation because she suffered a work related injury." Sec. Amd. Compl. at 9.

DISCUSSION

Defendant moves to dismiss Count III of the Second Amended Complaint on the ground that it fails to state a claim upon which relief can be granted. A motion brought under Rule 12(b)(6) of

---

[2] At that point, plaintiff was instructed not to return to work until such time as she was able to perform the duties of her position, including lifting 50 pounds and reaching overhead. Pl.'s Opp., Ex. A. She further was instructed to use sick leave until May 7, 2002 or until her doctor cleared her for full duty. Plaintiff was notified that, if she did not have sufficient sick leave, she would be placed on leave without pay status. *Id.*

the Federal Rules of Civil Procedure does not test a plaintiff's likelihood of success on the merits. Rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The factual allegations of the complaint are presumed to be true and liberally are construed in plaintiff's favor. *See, e.g., United States v. Phillip Morris, Inc.,* 116 F. Supp. 2d 131, 135 (D.D.C. 2001). The court, however, is not obligated to draw any inference that is not supported by the facts presented. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

In relevant part, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Section 1983 is not itself a source of substantive rights; rather, it is a method of vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 807, 811 (1994); *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). In other words, a plaintiff may seek redress under Section 1983 only for violations of the United States Constitution or other federally protected rights. *See Washington v. District of Columbia*, 802

F.2d 1478, 1480 (D.C. Cir. 1986).

To state a claim under Section 1983, a complaint must allege facts sufficient to show that (1) the conduct of which plaintiff complains was committed by a person acting under color of state law, and (2) the conduct deprived plaintiff of constitutionally protected rights. *West v. Atkins*, 487 U.S. 42, 48 (1988). While WASA, an independent agency of the District of Columbia government, is presumed to be a state actor for purposes of Section 1983, Count III is deficient nevertheless because it fails to allege facts which, if true, would show that defendant violated a constitutionally protected right. *See Graham v. Connor*, 490 U.S. 386, 394 (1989).

Plaintiff argues that defendant's action, that is, providing services and light-duty assignments to other injured employees but not to plaintiff, violates the Due Process and Equal Protection Clauses of the United States Constitution. Pl.'s Opp. at 4-5. She asserts purported rights to "medical services and freedom from discrimination and retaliation based upon a work related injury." *Id.* at 4. In addition, she expressly invokes District of Columbia worker's compensation statutes: one pertains to the provision of medical services to eligible employees who experience a work-related injury, and the other prohibits retaliation against an employee who submits a claim for worker's

compensation.³  Pl.'s Opp. at 2; *see* D.C. Code §§ 32-1507, -1542.

Plaintiff's claim of a constitutional due process violation must establish a protected property interest at stake.  *See Long v. District of Columbia*, 3 F. Supp. 2d 1477, 1479 (D.D.C. 1998). Property interests generally are defined by "existing rules or understandings that stem from an independent source such as state law."  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 537 (1985); *see, e.g., Humberson v. U.S. Attorney's Office for the District of Columbia*, 236 F. Supp. 2d 28, 30 (D.D.C. 2003) (recognizing public employee's property interest in continued employment if he can be discharged only for cause); *Piroglu v. Coleman*, 25 F.3d 1098, 1104 (D.C. Cir. 1994) (probationary employee considered "at will" employee without property interest triggering procedural protection).  Absent a recognized property interest, no procedural due process rights attach.  *Bd. of Regents v. Roth*, 408 U.S. 564, 578 (1972) (concluding that non-tenured professor with fixed-term for one academic year had no property interest sufficient to require  hearing when university declined to renew contract).

In this case, plaintiff neither alleges nor demonstrates a legitimate expectation in continued employment, or an entitlement to services or other benefits under the District's worker's

---

    ³   In addition, plaintiff invokes unspecified WASA regulations.  *See* Sec. Amd. Compl., ¶ 28.

compensation statutes. Assuming that plaintiff has a recognized property interest in continued employment and any benefits flowing from it, her complaint still is deficient. There are no factual allegations regarding the process afforded her or how the process afforded was deficient. *See Yates v. District of Columbia*, 324 F.3d 724, 726 (D.C. Cir. 2003) (noting that grievance procedures set forth in collective bargaining agreement, of which plaintiff "simply failed to take advantage," included basic elements of notice and opportunity to be heard); *Crockett v. District of Columbia Metro. Police Dep't*, 293 F. Supp. 2d 63, 68 (D.D.C. 2003) (concluding that pre-termination procedures, including hearing at which plaintiff was represented by counsel, satisfied procedural due process requirements); *Heasley v. D.C. General Hosp.*, 180 F. Supp. 2d 158, 172 (D.D.C. 2002) (dismissing due process claim for plaintiff's failure to provide facts upon which to base a claim that process was insufficient).

In order to succeed in a Section 1983 suit for damages for a substantive due process or equal protection violation, "a plaintiff must at least show that state officials are guilty of grave unfairness in the discharge of their legal responsibilities. Only a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights,

qualifies for relief under [Section] 1983." *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir.), *cert. denied*, 488 U.S. 956 (1988). "[A] mere state law violation does not give rise to a substantive due process violation." *Tri-County Indus., Inc. v. District of Columbia*, 104 F.3d 455, 459 (D.C. Cir. 1997).

Entirely absent from plaintiff's complaint is any allegation that the purported violations of District of Columbia law were prompted by bias against plaintiff personally or by animus against a group with which plaintiff identifies, such that relief under Section 1983 is warranted. *See Yates v. District of Columbia*, 224 F. Supp. 2d 68, 71 (D.D.C. 2002) (dismissing Section 1983 claim for damages absent showing that plaintiff's termination was prompted by personal or group animus), *aff'd*, 324 F.3d 724 (D.C. Cir. 2003) (per curiam). Nor does plaintiff allege that she was the victim of egregious official conduct giving rise to a substantive due process violation. *Yates v. District of Columbia*, 324 F.3d at 726 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)("'[O]nly the most egregious official conduct' rises to the level of a substantive due process violation.").

## CONCLUSION AND ORDER

For these reasons, Count III does not allege facts to support a due process or equal protection claim. Accordingly, it is hereby

ORDERED that defendant's Partial Motion to Dismiss Plaintiff's Second Amended Complaint [Dkt. #25] is GRANTED, and it is further

ORDERED that Count III of plaintiff's Second Amended Complaint is DISMISSED.

SO ORDERED.

                                                /s/  
                                      RICHARD W. ROBERTS  
                                      United States District Judge

DATE:  December 20, 2005